```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :           SUMMARY ORDER
        -against-                          :
                                           :           09-CR-537 (DLI)
ELEAZAR PEREYRA                            :
                                           :
                Defendant.                 :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Defendant Eleazar Pereyra appeals from a May 7, 2009 conviction and sentence after a non-jury trial before U.S. Magistrate Judge Roanne L. Mann. Defendant was acquitted of public intoxication (36 C.F.R. § 2.35(c)), found guilty of resisting arrest (36 C.F.R. § 2.32(a)(1)) and disorderly conduct (36 C.F.R. § 2.34(a)(1)), and sentenced to six months of probation and a $500 fine. Defendant then timely filed a notice of appeal challenging the convictions. For the reasons set forth below, and discussed in greater detail at the oral argument of April 23, 2010, the defendant's conviction is affirmed.

**I.  Background**

The court hereby adopts the findings of fact set forth in Judge Mann's Findings of Fact and Conclusions of Law (Docket Entry 28), familiarity with which is presumed for the purposes of this Summary Order.

**II.  Discussion**

    **a.  Legal Insufficiency of the Evidence**

Defendant argues that the trial court's finding of fact that he reached for and grabbed Officer Beck's firearm ("gun-grab") was clear error, thereby rendering Mr. Pereyra's convictions legally insufficient. As an initial matter, even if this court found that defendant did not reach for Beck's firearm, the remaining unchallenged findings of fact were sufficient for Judge Mann to

1

conclude that the defendant was guilty of resisting arrest and disorderly conduct beyond a reasonable doubt, rendering any error harmless.

In any event, although the testimony of the two officers was arguably inconsistent as to certain details of the gun-grab, this is insufficient to render Judge Mann's finding clearly erroneous. *See Anderson v. Bessemer City*, 470 U.S. 564, 575-76 (1985) (findings of fact shall not be set aside unless clearly erroneous, a highly defferential standard of review). These purported isolated inconsistencies are *de minimus*. When the testimony of the two officers is considered holistically, the accounts overlap to a very significant degree and substantiate one another on all the salient facts underlying the conviction. Moreover, each officer's testimony, standing alone, is internally consistent, plausible, and presents a "coherent and facially plausible story that is not contradicted by extrinsic evidence . . . ." *Anderson*, 470 U.S. at 575. Lastly, Judge Mann could have easily reconciled any inconsistencies by, among other things, the reality that the two officers witnessed the events in question from very different vantage points. On this record, Judge Mann was entitled to credit the officers' testimony, and did not commit clear error when she found that defendant reached for Beck's firearm. The evidence introduced at trial was therefore sufficient to support the convictions.

### b. Sixth Amendment Right to Effective Confrontation

Defendant further argues that the trial court abused its discretion by unreasonably limiting cross-examination of Officer Beck, a key government witness, and by improperly distinguishing its fact-finding role from that of a jury. "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Nonetheless, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose

reasonable limits on . . . cross-examination based on concerns about, among other things, . . . confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *Id.* at 679. A trial court's decision to restrict cross-examination will result in reversal only where the court abuses its "broad discretion." *United States v. Rossomando*, 144 F.3d 197, 203 n.6 (2d Cir. 1998).

Defendant first claims that Judge Mann unreasonably limited cross-examination as to Officer Beck's bias and credibility. However, Judge Mann "never imposed any . . . oppressive time limits" on defense counsel's opportunity to cross-examine Officer Beck on these issues. *U.S. v. Shvartsman*, 317 Fed. Appx. 68, 70 (2d Cir. 2009). Indeed, defense counsel inquired as to these issues to a significant and effective degree. Moreover, defendant's cross-examination lasted over 2 hours and was approximately four-times as long as (and exceeded the scope of) the government's direct. Additionally, although the trial court interjected on occasion, it is clear that Judge Mann was merely "attempting to ensure that the trial was running smoothly and efficiently. That hardly provides a basis for a new trial." *Id*. Finally, it must be noted that "counsel neither objected to the district court's procedure nor requested more time for cross-examination." *Id.* In short, upon full review of the trial transcript, the court is satisfied that the Judge Mann did not abuse her broad discretion.

Regarding the contention that Judge Mann "impermissibly distinguished her fact-finding role from that of a jury," during cross-examination, defense counsel elicited that Beck did not mention the "gun-grabbing" or the physical altercation in the initial Criminal Incident Report he prepared, but only mentioned it in the supplemental Report. (Trial Tr. 128.) Defense counsel then proceeded to belabor the point, causing Judge Mann to indicate that there was no need for defense counsel to elaborate further into what did not appear on the initial Report: "The exhibit is

3

in evidence. I can read it." (Trial Tr. 128.) Based on this, defendant claims that Judge Mann somehow implied that defendant "had less of a Confrontation Clause right because a jury was not present." (Def's Mem. At 48.) This argument is meritless. Judge Mann's comment merely stems from the reality that she had to separate her role as fact-finder from that as arbiter of the legal issues, *e.g.*, the admissibility of evidence under Federal Rule of Evidence 403. Her conduct was certainly not improper. Moreover, it is abundantly clear that Judge Mann did not completely foreclose inquiry into the inconsistencies between the Reports, nor did she foreclose inquiry into Beck's explanations for those inconsistencies. (Trial Tr. 128.) Notably, defense counsel again failed to object to the trial court's ruling. Accordingly, defendant's right to confrontation was not violated.

Even if Judge Mann had committed error by limiting the cross-examintion, the balance of the *Van Arsdall* factors compels the conclusion that the error was harmless beyond a reasonable doubt. Although Beck was the key government witness, Ranger Rosenhaus' testimony alone was sufficient to convict the defendant. Beck's testimony also overlapped to a significant degree with, and was substantially corroborated on the salient facts by, Rosenhaus' testimony. Additionally, the cross-examination was quite lengthy and liberal in scope, and the prosecution's case was quite strong. *See Van Arsdall*, 475 U.S. at 684.

### III. Conclusion

For the foregoing reasons, defendant's conviction is affirmed.

SO ORDERED.
DATED: Brooklyn, New York
      July 2, 2010

                                                    /s/
                                       DORA L. IRIZARRY
                                   United States District Judge